UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TRAVIS L. ELDER,<br><br>    Petitioner,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 16-cv-1228-JPG<br><br>Criminal No 03-cr-40077-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Travis L. Elder's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). In February 2004, Elder pled guilty to one count of conspiracy to distribute marihuana. In May 2004, the Court sentenced Elder to serve 120 months in prison followed by eight years of supervised release. Elder completed his term of incarceration and began his term of supervised release on August 17, 2012.

Subsequently, Elder committed a number violations of the conditions of his supervised release, including the state law crimes of unlawful possession of a weapon by a felon and attempted aggravated battery. The Government sought revocation on the basis of those violations. On May 17, 2016, the Court held a final revocation hearing at which Elder admitted the allegations in the amended motion to revoke. The Court granted the amended motion to revoke. It further found that Elder's unlawful possession of a weapon by a felon and attempted aggravated battery were both Grade A violations which, along with Elder's criminal history of VI, yielded a sentencing range of 51 to 63 months. The Court sentenced him to serve 48 months in prison. Elder did not appeal his revocation.

In this timely filed § 2255 motion, Elder asserts that, after *Johnson v. United States*, 135 S. Ct. 2551 (2015), the state crime of possession of a weapon by a felon under 720 ILCS 5/24-1.1 no

longer qualifies as a "crime of violence."  Since it is no longer a "crime of violence," Elder argues, it cannot be a Grade A violation and can no longer support the guideline sentencing range or the revocation sentence he received.

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has conducted an initial review of the prior proceedings and has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on his § 2255 motion.  Even if *Johnson* meant Elder's possession of a weapon by a felon did not constitute a Grade A violation because it was not a "crime of violence," Elder's attempted aggravated battery, which he does not challenge in this motion, remains.  Because that is a Grade A violation, it is sufficient by itself to support the guideline range found and the sentence given by the Court.  *See* U.S.S.G. § 7B1.1(b) (2015) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings and Rule 22(b)(1) of the Federal Rules of Appellate Procedure, the Court considers whether to issue a certificate of appealability of this final order adverse to the petitioner.  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1045 (7th Cir. 2001).  To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve

encouragement to proceed further." *Ouska*, 246 F.3d at 1046; *accord Tennard*, 542 U.S. at 282; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability should issue if the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). To make such a showing where the Court denies relief on procedural grounds, the petitioner must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added); *accord Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012). Disputes about procedural or statutory issues in a case cannot justify a certificate of appealability unless "a substantial constitutional issue lurks in the background, and the statutory question is independently substantial." *Ramunno v. United States*, 264 F.3d 723, 725 (7th Cir. 2001) (question of a petition's timeliness) (citing *Slack*, 529 U.S. at 483-85). The Court finds that Elder has not made the required showing and, accordingly, declines to issue a certificate of appealability.

Accordingly, the Court:

- **DENIES** Elder's § 2255 motion (Doc. 1);
- **DECLINES** to issue a certificate of appealability; and
- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: February 1, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**